302 Ga. 473
FINAL COPY

S17A1199. SCHMITZ v. THE STATE.

MELTON, Presiding Justice.

Following a May 18, 2015 traffic stop, John F. Schmitz was arrested for

DUI and failure to maintain lane. The arresting officer read Schmitz the required

implied consent warning in accordance with OCGA § 40-5-67.1 (b) (2),[1] and

---

[1] The implied consent warning for suspects like Schmitz who are age 21 and over states:

> Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests [ — in this case, breath — ]) under the implied consent law?

Schmitz agreed to a test of his deep lung breath, which revealed that Schmitz's blood alcohol concentration was above the legal limit. Prior to going to trial on the charges against him, Schmitz filed initial and amended motions to suppress, arguing that OCGA § 40-5-67.1 (b) (2) was unconstitutional both on its face and as applied to him. The trial court applied the balancing test on actual voluntariness to find that Schmitz had consented to the breath test, and denied Schmitz's motions and constitutional challenges on May 31, 2016. Following a September 15, 2016 bench trial, Schmitz was found guilty of DUI per se, DUI less safe, and failure to maintain lane. Schmitz appeals his conviction,[2] arguing that the trial court erred in denying his motion to suppress and finding OCGA § 40-5-67.1 (b) (2) to be constitutional, as his consent to a search of his deep lung breath violated the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. I, Sec. I, Par. I of the Georgia Constitution of 1983 ("No person shall be deprived of life, liberty, or property except by due process of law"). However, because this Court has recently rejected identical constitutional challenges to OCGA § 40-5-67.1 (b) (2) in

---

[2] The DUI less safe count was merged into the DUI per se count for sentencing purposes, and Schmitz does not challenge on appeal his conviction for failure to maintain lane.

2

Olevik v. State, 302 Ga. 228 (806 SE2d 505) (2017), Schmitz's current claims have no merit, and we affirm.

Schmitz contends that OCGA § 40-5-67.1 (b) (2), on its face and as applied to him, violates Due Process because the warning in the statute, by itself, is false and misleading to the point where an individual's consent to a breath test can never be considered to be voluntary. With respect to our rejection of identical constitutional arguments in Olevik, supra, this Court explained:

> The implied consent notice is not per se coercive on its face . . . [as the] implied consent statute [has a plainly legitimate sweep in that it] does not impose criminal penalties for refusing to submit to chemical testing . . .[and the statute is not] unconstitutional in all of its applications. . . . [A]lthough [there may be] deficiencies in the implied consent notice, there is no evidence that OCGA § 40-5-67.1 (b) creates widespread confusion about drivers' rights and the consequences for refusing to submit to a chemical test or for taking and failing that test. . . . [Furthermore, an "as applied" challenge fails where, as here, the trial court] considered all the relevant factors to determine the voluntariness [of Schmitz's] consent to search, and . . . [t]he only consideration that [Schmitz] argues the court failed to consider properly is the allegedly coercive and misleading nature of the implied consent notice. . . . Because the reading of the implied consent notice is not, by itself, coercive, and [Schmitz] has offered nothing else, [Schmitz's] claim must fail.

Id. at 247-252 (3) (a) and (b) (citation, punctuation and emphasis omitted).

Judgment affirmed. All the Justices concur.

Decided October 30, 2017.

OCGA § 40-5-67.1 (b) (2); constitutional question. DeKalb State Court. Before Judge Hydrick.

Lance W. Tyler, for appellant.

Donna C. Stribling, Solicitor-General, Wystan B. Getz, K. Tyler Edgerton, Assistant Solicitors-General; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.